Glenn R Meyers, Attorney
The Meyers Law Firm
30 Vesey Street, 4th Floor
New York, New York 10007
(212) 252-1212
themeyersawfirm@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAMAR JOHNSON                                            Index No.;

              Plaintiff,                          **COMPLAINT**

  -against-
                                                   Jury Trial Demanded

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, Officers John or Jane Doe            ECF CASE
#1, 2, 3 4 and 5,

              Defendants
------------------------------------------------------------------------X

    I.    Introduction

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.  Each and all of the various Defendants acts alleged herein were done by the defendants, their agents, servants and employees, to the extent applicable, and each of them, under the color of pretense of the statute, ordinances, regulations, customs and usages of the City of New York and State of New York and under the authority of their office as members of the police force and of said city.

2. The Defendants subjected the Plaintiff to an array of violations of his constitutional and legal rights and the Plaintiff seeks compensatory and punitive

damages, declaratory relief an award of costs and attorney's fees and such other and further relief as this Court deems just and proper.

II.   Parties

3. LAMAR JOHNSON, the plaintiff.

4. Defendant CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under the and by virtue of the laws of the City and/or State of New York.

5. Defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK was and still is an agency and/or department and/or entity of CITY OF NEW YORK duly organized and existing under the and by virtue of the laws of the City and/or State of New York.

6. Defendant CITY OF NEW YORK maintains the police department where personnel, its agents, officers and employees were hired, trained, managed, directed, supervised and controlled by the defendant CITY OF NEW YORK and is thereby liable to the Plaintiff for the acts complained of herein under among others the theorist of vicarious liability and respondeat superior.

7. The Defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK maintains a police department where personnel, including its agent's, officer and employees were hired, trained managed, directed, supervised and controlled by practice and custom in accordance with certain guidelines and policies describing proper procedure for police officers when interacting with private citizens.

8. At all times hereinafter mentioned Police Officers John or Jane Does #1,2,3,4 and 5 held themselves out to be employees of the defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK acting in the capacity of agents, servants, employees of the defendant CITY OF NEW YORK; plaintiff is unable to ascertain the names and badge numbers without discovery and as such is using fictitious designation foe the purposes of this lawsuit; such officers are such in their individual and official capacities.

9. At all times hereinafter mentioned the defendants were acting under the color of law as agents, servants, employees and officers of the NYPD or at the direction of or in conspiracy and/or together and otherwise performed ort engaged in conduct incidental to the performance of their professional functions in the course of their duties.

10. The defendants' acts complained of in this Complaint were not objectively reasonable, and wee carried out intentionally, recklessly and with malice and/or gross disregard or the Plaintiff LAMAR JOHNSON's rights.

11. The limitations in liability as set forth in CPLR 1601 do not apply to this action.

12. The limitations in liability as set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

III.   The basis for Jurisdiction

13. This Court has subject matter jurisdiction over federal claims pursuant to 28 USC § 1331 and § 1343; this court further has supplemental jurisdiction over the

claims for relief arising under New York statutory and common law pursuant to 28 USC § 1376(a) and others because they form part of the same controversy and derive from the same set of facts.

14. This action is brought pursuant to 42 USC § 1983 and § 1988 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution as well as New York State statutory and common law.

15. Venue is proper pursuant to 28 U.S.C § 1391(b) (1) and (2) in that the Plaintiff in that the Plaintiff resides in the district and/or the events in this Complaint took place in this district.

IV.   Facts

16. On or about July 6, 2019 while the plaintiff LAMAR JOHNSON was legally and lawfully present on East 166th Street and Boston Road at 1097 Boston Road in the Borough of the Bronx, County of the Bronx, City and State of New York while in a 'bodega' or 'deli' was in the store to purchase refreshments and foodstuffs and minding his own business when the defendants their officers, agents and employees entered the establishment and insisted the plaintiff LAMAR JOHNSON's presence in the store made his subject to arrest and prosecution.

17. At the time of his arrest, LAMAR JOHNSON was not doing performing any activity either with his physical person or verbally that would or could leave or led the defendants to believe that the plaintiff was or had been violating any law or statute that would warrant such intervention on the part of the defendants, their agents, officers and /or employees.

18. The plaintiff LAMAR JOHNSON was merely present it the store.  There was an alleged verbal disagreement with the manager and or employee of such bodega and/or deli and a customer either taking place when the plaintiff LAMAR JOHNSON entered the establishment of shortly thereafter.  The plaintiff LAMAR JOHNSON has absolutely nothing to do with such disagreement.

19. The area in question is a known gang area and/or high crime area and plaintiff LAMAR JOHNSON's mere presence in the vicinity and area led to unfounded accusation and false arrest etc.

20. The defendants had absolutely no probable cause to arrest the plaintiff LAMAR JOHNSON.

21. In fact, the person who was having the altercation with the manger or other person, 'Shawn' or another name told the police at the scene that the plaintiff LAMAR JOHNSON did not do anything to him and had nothing to do with his dispute in the store and despite having such information the plaintiff LAMAR JOHNSON was arrested and forced to endure a series of humiliations and abuses at the hands of the defendants.

22. The plaintiff LAMAR JOHNSON was handcuffed forcibly, yanking his arms and body, thrown to the ground on the sidewalk, was held down by the police forcibly with a knee and full weight of the police officer in his back and on his person

23. The plaintiff LAMAR JOHNSON was thrown into police vehicle and taken down to the police precinct where he was held until early the following morning in a locked cage and cell, taken to the central booking location in the Bronx where he spent another day and half locked up.

24. The plaintiff LAMAR JOHNSON was caused to spend two days and nights in jail and/or a holding cell against his will, with no probable cause and for absolutely no reason under the law or otherwise.

25. After enduring two days and nights locked up in a cell, the plaintiff was arraigned released ROR.

26. The plaintiff LAMAR JOHNSON was charged with two counts of menacing 120.14 and 120.15 and one count of criminal possession of a weapon in the fourth degree 265.01.

27. An Order of Protection was filed against LAMAR JOHNSON for an alleged victim, 'Shawn;' who the plaintiff LAMAR JOHNSON never knew or met.

28. After multiple court appearances in Bronx Criminal Court on November 30, 2019 the charges against LAMAR JOHNSON were dismissed.

1V.  Claims

**AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C § 1983; DEPRIVATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS UNDER THE UNTIED STATES CONSTITUTION**

29. The plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs above with the same force and effect as if cully set forth herein.

30. The acts of the defendants, under the color of law and in their individual and official capacities have deprived the Plaintiff LAMAR JOHNSON of his rights remedies, privileges and immunities guaranteed every citizen of the United States, in particular those guaranteed by the Fourth and Fourteenth Amendments tot h United States Constitution and 42 U.S.C § 1983 including but not limited to his

right to be free from the nonconsensual seizure of his person by a law enforcement officer without the probable cause or reasonable suspicion that Plaintiff as a suspect in a crime.

31. Mere presence does not dictate probable cause or reasonable suspicion that the plaintiff was a suspect in a crime.

32. The chronological age of the plaintiff and mere presence in a certain area does not dictate probable cause or reasonable suspicion that the plaintiff was a suspect in a crime.

33. The chronological age of the plaintiff and mere presence in a certain area does not dictate probable cause or reasonable suspicion that the plaintiff was a suspect in a crime.

34. Ethnic similarities including but not limited to skin color etc. to local gang members and mere presence in a certain area does not dictate probable cause or reasonable suspicion that the plaintiff was a suspect in a crime.

35. The above defendants did not have a warrant to arrest the plaintiff or reasonable suspicion that the Plaintiff was involved in a crime on that day, knew that the Plaintiff LAMAR JOHNSON was not committing and was not guilty of any crime when they detained him, handcuffed him and restrained him in a public area.

36. The defendant CITY OF NEW YORK is directly liable for the actions of its employees, officers, servants and agents for such conduct committed against LAMAR JOHNSON as part of their employment and defendant CITY OF NEW

YORK is liable to the Plaintiff LAMAR JOHNSON for the harms exacted on him due to the customs and policies furthered by such defendants.

37. As a direct result and proximate cause of the unconstitutional acts of the employees, agents, officer and servants of the defendants, the plaintiff LAMAR JOHNSON was caused to spend two days and two nights locked up behind bars and was otherwise and further injured.

**AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C § 1983; DUE TO EXCESSIVE USE OF FORCE AND THE FALSE IMPRISONMENT OF THE PLAINTIFF AND MUNICIPAL LIABILITY UNDER MONELL**

38. The plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

39. The defendants, their officers, agents, employs and servants, acting under the color of state law, in their individual and official capacities detained the Plaintiff LAMAR JOHNSON without reasonable suspicion and used excessive force in handcuffing and holding down the plaintiff although there was no reason to arrest him, he did not exhibit any signs of resisting arrest and he was not a clear or present danger to anyone.

40. Upon information and belief, police officers of reasonable competence would have sought more information and more credible evidence before detaining Plaintiff without reasonable suspicion or probable cause; and especially after being told point blank that the plaintiff LAMAR JOHNSON had nothing to do with and was not a part of anything that mayor may not have been taking place between other people.

41. The defendants their agents, officers and employees acting under the color of law, in their individual and official capacities detained and imprisoned the plaintiff without sufficient legal justification for an arrest and engaged in excessive force in restraining the Plaintiff in violation of Plaintiff's Fourth Amendment Rights under the United States Constitution.

42. As a direct and proximate cause of the circumstances in this cause of action, excessive force, false imprisonment etc., the Plaintiff suffered injury and damages, and was forced to spend two days and nights incarcerated, was forced to have an order of protection against him for no reason and was otherwise inured.

**AS AND FOR A THIRD CAUSE OF ACTION FOR FALSE ARREST UNDER APPLICABLE NEW YORK LAW**

43. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

44. The defendants, their agents, officers and employees detained and arrested the Plaintiff LAMAR JOHNSON without a warrant, authority of law, reasonable suspicion or probable cause.

45. The defendants, their agents, officers and employees detained and arrested the Plaintiff LAMAR JOHNSON without a warrant, authority of law, reasonable suspicion or probable cause and in fact was told by the alleged victim' Shawn" that the plaintiff LAMAR JOHNSON was unknown to him and not a part of whatever was happening which had absolutely nothing to do with he plaintiff LAMAR JOHNSON.

46. The plaintiff LAMAR JOHNSON was accused of being a gang member merely for his age and color of his skin but not with any reasonable or probably cause.

47. The plaintiff LAMAR JOHNSON's arrest was without a warrant or other legal process and without the authority of law or cause to believe that the Plaintiff was guilty of any crimes or was in the process of committing any crimes.

48. The plaintiff LAMAR JOHNSON did not contribute in any way or manner that would have led to his arrest.

49. The defendants are liable for the tortious false arrest of the Plaintiff based upon the theories of respondeat superior and vicarious liability and others.

50. By reason of the false arrest and detention of the plaintiff LAMAR JOHNSON he was imprisoned and subjected to great indignity, humiliation, embarrassment, pain, injury, jail time, disruption of life etc.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR FALSE IMPRISONMENT UNDER APPLICABLE NEW YORK LAW

51. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

52. The defendants, their agents, officers and employees intentionally and handcuffed and imprisoned the plaintiff LAMAR JOHNSON without any just cause or probable cause and held him against his will until he was released two days and two nights later without any just or probably cause.

53. Such imprisonment was effectuated without any warrant or legal grounds or cause to believe that the plaintiff LAMAR JOHNSON was guilty of any crimes or was committing a crime.

54. The plaintiff LAMAR JOHNSON did not contribute in any way or manner that would have led to his false arrest.

55. The defendants are liable for the tortious false arrest of the Plaintiff based upon the theories of respondeat superior and vicarious liability and others.

56. By reason of the false imprisonment and detention of the plaintiff LAMAR JOHNSON he was imprisoned and subjected to great indignity, humiliation, embarrassment, pain, injury, jail time, disruption of life etc.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983;**

57. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

58. The defendants, their agents, officers and employees intentionally and handcuffed and imprisoned the plaintiff LAMAR JOHNSON without any just cause or probable cause and held him against his will until he was released two days and two nights later without any just or probably cause.

59. Such imprisonment was effectuated without any warrant or legal grounds or cause to believe that the plaintiff LAMAR JOHNSON was guilty of any crimes or was committing a crime.

60. The plaintiff LAMAR JOHNSON did not contribute in any way or manner that would have led to his false arrest.

61. Defendants acted with malice initiating criminal proceedings against the plaintiff.

62. Defendants acted with malice and falsified criminal proceedings against the plaintiff.

63. The defendants are liable for the malicious prosecution of the Plaintiff.

64. By reason of the malicious prosecution, false imprisonment and detention of the plaintiff LAMAR JOHNSON he was imprisoned and subjected to great indignity, humiliation, embarrassment, pain, injury, jail time, disruption of life etc.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

65. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

66. The defendant should be forced to pay punitive and other damages as a result of the egregious conduct of their agents, officers and employees and those acting at their discretion under the color of law who might consider similar conduct in the future.

67. Accordingly punitive damages should be awarded against the defendants for the conduct described herein.

**WHEREFORE**, plaintiff LAMAR JOHNSON demand judgment in compensatory damages, and punitive damages to be determined by a jury plus

attorney's fees costs and disbursements of this action.

Dated:  New York, New York
         July 6, 2022

                                       The Meyers Law Firm
                                       *Glenn R Meyers*
                                       Glenn R. Meyers
                                       Attorneys for Plaintiff
                                       30 Vesey Street, 4th Floor
                                       New York, New York 10007
                                       (212) 252-1212
                                       themeyerslawfirm@gmail.com